We have Mr. Lefchuk for Mr. Moore, and I see you reserved two minutes for Mr. Lefchuk. Thank you, Your Honor. It may have pleased the Court. Andrew Lefchuk for Mr. Moore. I'd like to pick up where the prior argument left off, which is that this panel is bound by precedent of prior panels. In this particular case, we have precedent not only from one panel, but from multiple panels dating back to the 1980s that says if a district court is going to give a conscious avoidance instruction at trial, it must cover two key points. Was the defendant aware of a high probability of a disputed fact's existence, and did he nevertheless actually believe that fact? In numerous decisions, in Kaiser, Canoe, and others that we cite in our brief, this Court has again and again said actual belief has to be covered in the instruction. You don't have to use the word actual. We even said in Kaiser that there's no talismanic language that a court must use in here. In Kaiser, the district court just completely ignored that whole issue of what the person's belief was and whether negligence could be enough. But here, the district court said good faith is a complete defense of the charges in this case. And then this is the important part. If the defendant believed in good faith that he was acting properly, even if he was mistaken in that belief, then there would be no crime. And in another portion, you can correct me if I'm wrong, the judge specifically said that negligence is not sufficient, that the necessary knowledge on the part of the defendant with respect to any particular charge cannot be established by showing the defendant was careless, negligent, or foolish. So I understand the word actual is not there, but maybe it would be preferable. But I'm not sure why we can conclude that that wasn't before the jury. In fact, the government cites summary orders where we said even in the absence of actual belief, it's still sufficient. That was a long question. Especially since your standards, plain error, were refused since there wasn't an objection. Why don't you help us out? Well, first of all, Kaiser did find plain error in these circumstances. And I'll take Your Honor's question. In terms of good faith, that instruction is given in every fraud case. I know, but it wasn't just given in a general sense, which was the issue with Kaiser. There was a good faith instruction and there was a conscious avoidance instruction. That was in the conscious avoidance instruction here, right? It was point two, right? Well, it followed the conscious avoidance instruction, but it's an instruction that the court gives in every case, in every case involving fraud. Good faith is a defense. Also, negligence, mistake, are not a basis for conviction. That is an instruction which is given in almost every fraud case. It's on the same page. In Trial Transcript 868, where the judge gave the conscious avoidance charge, that good faith instruction was given in the context of the – or am I missing something? Wasn't it in the specific context of the conscious avoidance charge? It wasn't a general instruction? No, no. It was right after – it was a paragraph or two after. And, you know, if we want to say it's part of the conscious avoidance instruction, I still don't think that makes a difference. In other words, the defendant's actual belief has to be emphasized to the court. You can see where we requested that. I quoted the jury instruction requests in the reply brief. And specifically, both parties requested the instruction on actual belief, and it was not given. And in our view, it's critical in a case like this that a defense attorney and a defendant be able to focus the jury on that. So you don't think this is plain error review? You think this was preserved? For reasons that we said in the brief, I think it was preserved. The reply brief, we note what was specifically requested, and that included both parties requesting the words, you know, actual belief. But there was no objection to the charge when it was given, correct? There was no objection to the charge after when it was given, as Rule 30 requires. But the judge gave a very cryptic comment after his instructions, saying, do you have any objections other than what we've already talked about? Which I submit is probably not an instruction that most- Did the judge go over the charge with you before delivering it to the jury? The judge went over the charge with counsel- And there was no objection at that time either, right? To this particular language, no. Right. Okay. But, you know, Kaiser, in finding plain error, pointed out that, in particular, the evidence in that case involved witnesses who were of dubious credibility, let's say. And in this particular case, Mr. Haddo was rather thoroughly impeached, which made this a very critical issue for defense counsel. So, for those reasons, we think this alone requires reversal, even on plain error review. The second point I'd like to make is on the admission of the misprison conviction from Florida. The court failed to conduct, in admitting this evidence under Rule 404, the court failed to conduct the Huddleston analysis that's required under 404B. It found the misprison conviction was relevant to intent to defraud. But, in fact, under the misprison statute and the elements of the offense, there's no requirement of a proof of intent, of specific intent to defraud. It's simply, you knew what was happening and you didn't report it. Was that pertinent to making it unlikely that there was a mistake or ignorance of the charged fraud in this case? Which is what he was claiming, in part. It's what he was claiming, in part. So, the fact that even as a misprison, he learned that there was schemes like, such as the one in that case, would make it less likely that he would lack knowledge of what was going on this time. Why isn't that a reasonable conclusion? Well, because the distinction is that this time he's being accused of actively participating in a scheme, not merely being there. I don't know, but on knowledge. Not on what his role was, on knowledge. Because he was claiming he didn't know what was going on. Well, but then, if that's the argument, it seems to me that what you're saying is, well, he's done this before. That's a propensity argument. No, but his argument here was that when he was duped by the investors and as soon as he found out that Haddow was defrauding people, that he terminated the relationship. And I think Judge Raddatz's point is that even with a misprison, in the other case, he put guilty to when he found out about the fraud at Wake Austin Properties, he concealed it. So, why isn't that relevant? Maybe it's not relevant for every aspect of this particular fraud scheme. But certainly on the issue of what he was proposing to the jury, that I was duped like everybody else. And as soon as I found out, I left. I had no – this was all a mistake. Why wouldn't it be relevant to know that when he found another fraud in another real estate project he was involved in, he concealed it? Well, I would simply say that if you're going to look at it that way, you still have to do the Rule 403 balancing, which the district court did not do. And the prejudice from having a prior conviction for activity several years before, in this case, in our view, outweighed the probative value, very limited probative value, of the misprision claim. All right. Thank you. Thank you, Your Honor. We'll now hear from the government. Mr. Bainberg. May it please the Court, Vlad Bainberg. I represent the United States on appeal and in the trial below. With respect to the conscious avoidance argument, this court has held many times that it has not placed talismanic weight on the specific words used in the charge, but instead looks at the charge as a whole. It does not require use of specific language recommended by appellate precedent, such as in Schultz, for example. And on this specific issue, a panel of this court in Pettit, cited in our papers, has stated that the court will not require specific language on actual belief as long as the instruction adequately communicates the inculpatory awareness of a risk and an exculpatory actual belief. That's just what the district court did in this case. Unlike in Kaiser, the district court, first of all, advised that mere carelessness, negligence, or foolishness would not be enough to infer that the defendant knew of a high probability of a risk or of a fact. Then, also unlike as in Kaiser, the court actually advised on the high probability prong of the conscious avoidance charge. Then the court tweaked the charge. And rather than using the actual belief language suggested by the parties, the court immediately married that in with the good faith instruction. As Your Honor has pointed out, it is on the same page. It is the next paragraph. And it uses the words, on the other hand, immediately after the So the government suggested the actual belief language, too? The government did. So the government suggested the actual belief language to the court, and the court has tweaked that language to give the instruction that it did. Was there a discussion about that, or was this tweaked and there was no discussion? There was no discussion as to this specific issue, which is why it's reviewed on a plain error standard. I know you say it went either way, but on plain error, I think the argument we heard, and I frankly didn't focus on, is that the judge said something like, other than what has already been raised, and that could have been interpreted to include some prior submission of that language. What's your response to that? Sure. So it's well established that mere submission of a proposed jury instruction is not sufficient to lodge an objection to some future instruction that the court anticipates giving under Rule 30. That's true. That's from this case's opinion in United States v. Crowley. And in this case, the party submitted the instruction. The court then gave the parties its instruction that it planned to give and asked the defense if it had any objections. The only objection the defense made at that time was to the instruction in its entirety because the defense believed there was no factual predicate for the instruction. The court then asked the defense to confirm whether or not it has any other objections. The defense said no. And then the court proceeded to give the charge, and after the charge reiterated whether or not there were any other objections. So in this case, as in Kaiser, which had a similar issue where there was only an objection to the entirety, this should be reviewed under plain error. If the judge says other than things that have already been raised, that can't be construed as going back to your original submission. That means something that you raised at the charge conference? Is that what you're saying? Yes, Your Honor. Under Crowley, the parties are simply not, the court should not, is not required to treat the proposed instructions. I understand your rule, but I'm saying that if a judge says other than you raised, that's the only difference between this and Crowley and those other cases, is that he's saying that when a judge says at the end of the charge conference other than what you raised, that that could be misconstrued as preserving your objection to your prior instruction. Then you're saying that's not correct. Your Honor, I think on this record, where after giving the proposed charge, the court specifically heard instructions on the conscious avoidance charge and confirmed that that was the only objection. I understand that. Crowley wouldn't count. What's your response on the Rule 404B? Sure. The only thing, the court adequately conducted the Huddleston analysis because the court only needed to find that there was a similarity or some connection between the Barwerks case and the prior lay costs and conviction. In this case, there were multiple similarities. Mr. Moore was in a similar position in both real estate investment frauds. He acted as a master agent to the developer, meaning that his job was to bring in investors in return for commissions that he would earn. In both cases, based on his proximity to the developer, he was exposed to knowledge of the underlying fraud. In Lake Austin, it was the fact that investors' deposits weren't being held in escrow. And in Barwerks, it was the even more basic core fact that there was a fake CEO and that his business partner was masquerading as that fake CEO. And it certainly bears on his knowledge, intent, and absence of mistake that in Lake Austin, Mr. Moore then chose to take steps to conceal the offense as he allocated to in that misprision felony. It's not relevant that that act, which is relevant to his knowledge, intent, and absence of mistake, was ultimately charged as misprision. It does go towards his defense that he innocently believed there really was some Jonathan Black out there, despite all the evidence to the contrary. I'll also point out, Mr. Lefchick argues that the court didn't conduct a 403 analysis on that offense. The court, in giving its ruling, specifically referenced the defense's argument that the offense was prejudicial. The court cited Alcantara as part of its ruling, which includes the Huddleston analysis. Alcantara also stated that there's no requirement of an on-the-record 403 balancing analysis because courts presume that district courts, in the ordinary course, do that analysis. And so there's every indication in the record to believe that the court actually did conduct a balancing analysis. And finally, just on the issue of harmless error and plain error in this case, this was an overwhelming case. After five days of trial evidence, it took the jury less than an hour to find one simple fact that James Moore knew that his business partner, Renwick Haddow, who was paying him commissions, was masquerading as a fake CEO. There was overwhelming, staggering evidence of actual knowledge, including emails from Mr. Moore to Haddow, emails from Mr. Moore to other co-conspirators, emails to outside innocent parties trying to do due diligence on bar works, in which Moore represented that he was talking to Jonathan Black, while at the same time speaking to Renwick Haddow about what documents they could issue as Jonathan Black. And we've cited a number of those emails in our brief. Unless the court has any other questions, the government yields its time and asks that the conviction be affirmed. Thank you. Mr. Webchuck, you have two minutes to revolve.  Just a couple of points. In United States v. Faraz, which is at 848 Fed Second 359, the court actually, this court, directed district courts in the hope that we will not be called upon to continually address the matter, that the opinion be circulated to all AUSAs in the circuit, so that prosecutors should request the high probability and actual belief instruction be incorporated into every conscious avoidance charge. That's either the rule or it's not. And if the court isn't going to require those words, it seems to me they're critical. It really needs to clarify that because it's inconsistent, it seems to me, with respect with a number of the court's prior decisions. Second, you know, I'd just like to also point out, Your Honor asked whether the government asked for the actual belief instruction, and they did. And so the court, you know, essentially disregarded both the government and the defense request, as well as the defense request, the actual belief focus on a person named Jonathan Black existing. And that's on page seven of our reply brief. And so for those reasons, we think these errors are sufficient to reverse the conviction. If the court has no further questions. Thank you both for a reserved decision. Have a good day.